*Kevin T. Kane,* assistant state's attorney, in opposition.

Decided June 25, 1992

STATE OF CONNECTICUT *v.* PEDRO SANTIAGO

The defendant's petition for certification for appeal from the Appellate Court, 27 Conn. App. 741, is denied.

BERDON, J., dissenting. Because I believe that this court should not have overruled *State* v. *Kimbro,* 197 Conn. 219, 496 A.2d 498 (1985), by adopting the totality of the circumstances standard of *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527, reh. denied, 463 U.S. 1237, 104 S. Ct. 33, 77 L. Ed. 2d 1453 (1983), for determining the existence of probable cause under the state constitution, I would revisit *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991). See my concurring opinion in *State* v. *Duntz,* 223 Conn. 207, 613 A.2d 224 (1992). Furthermore, I agree with Judge O'Connell of the Appellate Court when he stated in his dissent that even under *Barton,* the law requires corroboration of information given by an informant who is a drug user and paid by the police. "Although an informant's tip may be used in *combination* with information gathered by independent police corroboration to establish probable cause, the tip *alone* is not sufficient to justify intrusion on a person's constitutional rights. The evil of eliminating the corroboration requirement is that the probable cause determination is thereby delegated to the confidential informant who

is insulated from cross-examination. The protection that is afforded by a neutral and detached magistrate's eventual involvement in the process of determining probable cause is abolished." (Emphasis in original.) *State* v. *Santiago,* 27 Conn. App. 741, 753, 610 A.2d 666 (1992) (*O'Connell, J.,* dissenting). I would grant certification.

Accordingly, I dissent.

*Pamela J. Favreau,* deputy assistant public defender, in support of the petition.

*Margaret Gaffney Radionovas,* deputy assistant state's attorney, in opposition.

Decided July 28, 1992